BWB:MTK

**15 MISC 1348**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN THE MATTER OF AN APPLICATION OF      :
THE UNITED STATES OF AMERICA FOR AN     :     **TO BE FILED UNDER SEAL**
ORDER AUTHORIZING THE DISCLOSURE        :
OF LOCATION DATA RELATING TO A          :     AFFIDAVIT IN SUPPORT OF
SPECIFIED WIRELESS TELEPHONE            :     WARRANT APPLICATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

I, Gino X. Izzo, being first duly sworn, hereby depose and state as follows:

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the prospective and historical location of (718) 316-8505 (the "Subject Telephone"), which is being used by MICHAEL GIBBARD (the "Target Subject"), whose wireless telephone service provider is Verizon Wireless ("Service Provider"). The Subject Telephone is described herein and in Attachment A, and the prospective and historical location information to be seized is described herein and in Attachment B.

2.      I have been a Task Force Officer with the Drug Enforcement Administration (the "Investigating Agency") since July 2009. I have been assigned to investigate violations of criminal law relating to narcotics trafficking. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other Task Force Officers, agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4.     For the reasons set forth below, I respectfully submit that probable cause exists to believe that the requested information will lead to evidence of the crime(s) of distribution and possession with the intent to distribute controlled substances in violation of Title 21, United States Code, Section 841 and conspiracy to do the same in violation of Title 21, United States Code Section 846 (the "Subject Offenses"), as well as the identification and location(s) of the Target Subject who is engaged in the Subject Offenses.

## Facts Establishing Probable Cause

5.     I have been involved in an investigation regarding the distribution of Oxycodone tablets in the metropolitan New York and New Jersey areas.

6.     In connection with that investigation, since in or about June 1 2015, Task Force Officers have spoken with an individual who is a confidential source ("CS-1") for law enforcement. CS-1 has worked with the Investigating Agency since approximately January 2015 and provided reliable information in the past seven months.

7.     CS-1 knows the Target Subject to be a narcotics dealer. On or about June 8, 2015, CS-1 informed Task Force Officers that he had recently spoken with

2

individuals known to the Target Subject at a gym in Queens, New York. During their conversation, the individuals known to the Target Subject informed CS-1 that the Target Subject was in possession of approximately 6,000 pills of Oxycodone.

8. On or about June 11, 2015, CS-1 positively identified the Target Subject in a photo array.

9. On or about June 29, 2015, CS-1 spoke with the Target Subject at the aforementioned gym in Queens, New York. The Target Subject asked CS-1 if he had any interest in purchasing Oxycodone pills. CS-1 stated that he was interested in purchasing the pills. The Target Subject informed CS-1 that he would provide CS-1 with a sample the next time they encountered each other at the gym.

10. The Target Subject informed CS-1 that he purchases the pills in large quantities from an unknown male in Queens, New York. The Target Subject also informed CS-1 that he could have more pills "pressed" once his supply was exhausted.

11. At the same time, the Target Subject provided CS-1 with the number for the Subject Telephone. The Subject Telephone number provided by the Target Subject matched the number that CS-1 had previously entered into his phone under the Target Subject's name.

12. On or about July 6, 2015, CS-1 informed Task Force Officers that he had met the Target Subject at the gym earlier in the day. At that time, the Target Subject provided CS-1 with a sample of two pills. Task Force Officers arranged to meet CS-1 to collect the samples.

13.     The pills collected from CS-1 contained the marking "A/215" pressed on one side. Task Force Officers immediately sent the sample pills to the Northeast Regional Laboratory ("NERL") for chemical testing.

14.     On July 9, 2015, NERL verbally informed Task Force Officers that the sample pills were not Oxycodone but rather Acetyl Fentanyl ("Fentanyl").

15.     On July 13, 2015 Task Force Officers received the official NERL report confirming that the pills contained Fentanyl.

16.     Fentanyl is a Schedule II narcotic. It is an extremely powerful opioid used in medical treatment. Fentanyl is approximately 30 to 50 times more potent than heroin.

17.     In my training and experience, I have learned that the Service Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector"

(i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

    18. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Subject Telephone, including by initiating a signal to determine the location of the Subject Telephone Service Provider's network or with such other reference points as may be reasonably available.

    19. Based on my training and experience, I know that the Service Provider can collect cell-site data about the Target Cell Phone.

    20. Based on the foregoing I respectfully submit that there is probable cause to believe that the requested information will lead to evidence of the Subject Offenses in at least the following ways:

    a. Prospective location information could allow the Investigating Agency to surveil the Target Subject. This could allow the Investigating Agency to confirm the identity of the Target Subject and/or co-conspirators, and to learn or confirm where the target subject lives and operates.

    b. In addition, surveillance of the Target Subject may lead to the identification of other targets of the investigation and/or locations where the Target Subject conducts narcotics trafficking activities.

21. I have confirmed with the Service Provider that the Subject Telephone remains active as of July 15, 2015.

## Authorization Request

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c). I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user(s) of the Subject Telephone would seriously jeopardize the ongoing investigation, as such disclosure would permit the Target Subject to flee from and evade prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

23. I further request that the Court direct the Service Provider to disclose to the government any information described in Attachment B that is within the Service Provider's possession, custody, or control. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B

unobtrusively and with a minimum of interference with the Service Provider's services, by, inter alia, initiating a signal to determine the locations of the Subject Telephone on the Service Provider's networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Subject Telephone outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the target of the investigation an opportunity to continue to flee from or evade prosecution.

26. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, the Court issue an Order commanding Verizon Wireless not to notify any person (including the subscriber or customer of the account listed

in the attached warrant) of the existence of the attached warrant until further order of the Court.

Dated:   Brooklyn, New York
         July 16, 2015

_____
Gino X. Izzo
Task Force Officer
Drug Enforcement Administration

Sworn to before me the 16th day of July, 2015

S/ Cheryl L. Pollak
_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property To Be Searched

1. The cellular telephone assigned call number (718) 316-8505 (the "Subject Telephone"), whose wireless service provider is Verizon Wireless, a company headquartered at One Verizon Way, Basking Ridge, New Jersey 07920.

2. Information about the location of the Subject Telephone that is within the possession, custody, or control of Verizon Wireless, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

Particular Things to be Seized

All information about the location of the Subject Telephone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Subject Telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, the Service Provider is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Subject Telephone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

15 MISC 1348

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE APPLICATION OF THE UNITED    :
STATES OF AMERICA FOR AN ORDER  :
PURSUANT TO 18 U.S.C. § 2705(b)         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO BE FILED UNDER SEAL

ORDER

    Application having been made for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (718) 316-8505, used by MICHAEL GIBBARD (the "Subject Telephone"), whose wireless telephone service provider is Verizon Wireless (the "Service Provider"), as further described in Attachment B to the search warrant (the "Requested Information");

    The Court finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation, including by giving the target an opportunity to flee or continue flight from prosecution. See 18 U.S.C. §§ 2705(b)(2), 2705(b)(3) and 2705(b)(5). Furthermore, the execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

    IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that law enforcement officers, beginning at any time within ten days of the date of this Order and for a period not to exceed 30 days, may obtain the Requested Information concerning the Subject Telephone, with said authority to extend

to any time of the day or night as required, including when the Subject Telephone leaves the Eastern District of New York; all of said authority being expressly limited to ascertaining the physical location of the Subject Telephone and expressly excluding the contents of any communications conducted by the user(s) of the Subject Telephone.

It is further ORDERED that the Service Provider assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the Requested Information, including by initiating a signal to determine the location of the Subject Telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as the service provider accords the user(s) of the Subject Telephone.

It is further ORDERED that the United States Attorney's Office compensate the service provider for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof be sealed until further Order of the Court, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers, and the service provider as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED under 18 U.S.C. § 2705(b) that the Service Provider shall not disclose the existence of the attached warrant, or this Order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that Service Provider may disclose the attached warrant to an attorney for the Service Provider for the purpose of receiving legal advice.

It is further ORDERED that this Order apply to any changed mobile telephone number subsequently assigned to the Subject Telephone within the period of this Order.

It is further ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Dated:   Brooklyn, New York
         July 16, 2015

S/ Cheryl L. Pollak

THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

14